# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDY FORD, | Case No. 2:18-CV-1331 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is Defendant Paris Las Vegas Operating Company, LLC's ("Paris Las Vegas") motion for determination of good faith settlement. (ECF No. 43). No response has been filed, and the time to do so has passed.

Also before the court is defendants Caesars Entertainment Corporation ("Caesars") and Paris Las Vegas' motion to dismiss. (ECF No. 9). Plaintiff Lindy Ford ("plaintiff") filed a response (ECF No. 18), to which Caesars and Paris Las Vegas replied (ECF No. 23).

Also before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to dismiss. (ECF No. 38). Plaintiff filed a response (ECF No. 41), to which LVMPD replied (ECF No. 42).

**I.    Facts**

Plaintiff brought this action on July 20, 2018, asserting claims for negligence, negligent supervision and training, intentional infliction of emotional distress, battery, and false imprisonment against Paris Las Vegas, Caesars, and LVMPD. (ECF Nos. 1, 43 at 2). These claims stem from an incident wherein Paris Las Vegas detained plaintiff and contacted LVMPD, which later arrested plaintiff for trespass. (ECF Nos. 1, at 6, 43 at 2).

**James C. Mahan**
**U.S. District Judge**

All defendants except Paris Las Vegas have been dismissed. (ECF Nos. 40, 47). Following negotiations, Paris Las Vegas and plaintiff agreed to settle plaintiff's remaining claims for $1,500. (ECF No. 43 at 3). The court now considers Paris Las Vegas' motion for determination of good faith settlement. (ECF No. 43).

**II.     Legal Standard**

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

**III.    Discussion**

   *a. Motion for determination of good faith settlement*

In its motion, Paris Las Vegas has addressed each of the applicable *MGM* factors. (ECF No. 43). Paris Las Vegas submits that it has reached an agreement with plaintiff to settle for $1,500 in exchange for full release of plaintiff's claims. *Id*. Paris Las Vegas asserts that the parties arrived at this fair settlement after conducting arms-length negotiations. *Id*. at 4.

Paris Las Vegas submits there are no issues related to allocation of settlement funds among plaintiffs because there is only one plaintiff in this action. *Id*. Likewise, there are no issues with Paris Las Vegas' insurance policy limits or its financial condition, as it has

- 2 -

acknowledged its ability to pay the $1,500 without the need for an insurance claim. *Id*. at 4–5. Furthermore, there is no possibility of fraudulent or tortious conduct aimed at other defendants, as there are no other defendants remaining in this action. *Id*. at 5.

Because a determination of good faith settlement is supported under all five *MGM* factors, and because no party has opposed Paris Las Vegas' motion, the court finds that Paris Las Vegas has shown that the settlement was reached in good faith. *See* LR 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). Paris Las Vegas' motion is therefore granted.

      *b. Remaining motions*

A determination of good faith settlement renders moot Paris Las Vegas and Caesars' motion to dismiss (ECF No. 9). *See* (ECF No. 40) (order granting stipulation to dismiss Caesars).

Furthermore, LVMPD's motion to dismiss (ECF No. 38) has also been rendered moot by this court's order granting the parties' stipulation to dismiss LVMPD. (ECF No. 40). Accordingly, the court will deny as moot the remaining motions.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Paris Las Vegas' motion for determination of good faith settlement (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Caesars and Paris Las Vegas' motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that LVMPD's motion to dismiss (ECF No. 38) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties shall file, within seven (7) days following satisfaction of the settlement, an appropriate stipulation to dismiss this action with prejudice.

DATED June 26, 2019

_____
UNITED STATES DISTRICT JUDGE